T.C. Memo. 2011-90

UNITED STATES TAX COURT

MURRAY S. FRIEDLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13926-10W.                    Filed April 25, 2011.

Murray S. Friedland, pro se.

<u>John T. Kirsch</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This case is before the Court on
respondent's motion to dismiss for lack of jurisdiction, as
supplemented.  We are asked to decide two issues.  We must first
determine whether a letter respondent sent to petitioner denying
petitioner's whistleblower claims constitutes a "determination"

within the meaning of section 7623(b)(4).[1]  We find that the letter was a determination and follow Cooper v. Commissioner, 135 T.C. 70 (2010).  We must next determine whether petitioner timely filed a petition with this Court.  We find that he did not.  We shall therefore grant respondent's dismissal motion, as supplemented.

## Background

The following information is stated for purposes of resolving the pending motion.  Petitioner resided in New York City, New York at the time he filed the petition.

Petitioner, a CPA, submitted a Form 211, Application for Award for Original Information (whistleblower claim), to respondent's Whistleblower Office (Whistleblower Office) in September 2009 concerning alleged violations of the Internal Revenue Code.  He alleged that Lawjoy Realty Corporation (Lawjoy) and 601 West 149th Street, Inc. (West 149th), both C corporations, failed to pay millions in Federal corporate income taxes by impermissibly treating real property sales as stock sales in a corporate liquidation.  He asserts that the structure of the sales was a sham and solely motivated to evade income taxes.  Petitioner appears to have been a shareholder of both Lawjoy and West 149th.

---

[1]All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

The Whistleblower Office denied petitioner's whistleblower claim in a letter issued November 13, 2009 (the first letter). The first letter explained that the Whistleblower Office had reviewed and evaluated petitioner's whistleblower claim before making its decision. It stated that Federal disclosure and other prevailing laws prevented the Whistleblower Office from explaining why it was denying his claim. Moreover, the first letter gave general explanations for disallowing rewards. It explained that claims are denied if the claimant provided insufficient information. Similarly, the first letter explained that claims are denied if the Internal Revenue Service already had the information or the information provided did not cause an investigation or result in the recovery of taxes, penalties or fines.

Petitioner was unsure why his claim was denied so he called the Whistleblower Office to discuss the denial. He also gratuitously sent additional information to the Whistleblower Office concerning the transaction. The Whistleblower Office subsequently mailed three additional letters to petitioner. One letter referenced the phone conversation with petitioner. This letter told petitioner that to challenge the Whistleblower Office's decision he could "write to the US Court of Claim (sic) in Washington DC (sic)." The two other letters from the Whistleblower Office were duplicates confirming that petitioner's

additional information had been received and considered but stating that the "determination remains the same despite the information contained in * * * [petitioner's] latest letter."

Petitioner thereafter filed a complaint in the United States Court of Federal Claims (Claims Court) as directed. He challenged the Whistleblower Office's decision. The Claims Court dismissed petitioner's complaint for lack of jurisdiction on May 26, 2010.

Petitioner then filed a petition in this Court challenging respondent's denial of the whistleblower claim. He did not file the petition until June 18, 2010, which was 217 days after he received the first letter. As mentioned previously, respondent filed a motion to dismiss for lack of jurisdiction. He argues principally that no determination notice had been issued to petitioner to confer on us jurisdiction. Respondent argues, alternatively, that if a determination notice was issued, petitioner failed to file a petition with the Court within the required 30-day period.

## Discussion

We are asked to decide whether respondent's letter denying petitioner's whistleblower claim constitutes a "determination" within the meaning of section 7623(b)(4). We are also asked to decide whether petitioner timely filed his petition with this Court.

We begin with the Tax Court's jurisdiction.  The Tax Court is a court of limited jurisdiction and may exercise its jurisdiction only to the extent authorized by Congress.  Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Tax Court is without authority to enlarge upon that statutory grant.  See Phillips Petroleum Co. v. Commissioner, 92 T.C. 885, 888 (1989).  We nevertheless have jurisdiction to determine whether we have jurisdiction.  Hambrick v. Commissioner, 118 T.C. 348 (2002); Pyo v. Commissioner, 83 T.C. 626, 632 (1984); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).  We turn now to an overview of our jurisdiction regarding whistleblower claims.

## I.  Determination Notice

The Court's jurisdiction under section 7623(b)(4) depends upon a determination regarding an award and a timely petition.  Rule 340(b); Cooper v. Commissioner, supra.  Any determination regarding an award from the Whistleblower Office may be appealed to the Tax Court.  Sec. 7623(b)(4).  Respondent argues that there was no determination because petitioner's information was not used to detect underpayments of tax or to collect proceeds.  See Internal Revenue Manual pt. 25.2.2 (Dec. 30, 2008).  Respondent argues that there can be a determination for jurisdictional purposes only if the Whistleblower Office undertakes an

administrative or judicial action and thereafter "determines" to make an award.  See id.

We recently decided the issue of whether a letter from the Whistleblower Office to a taxpayer was a "determination" under section 7623(b) where the Whistleblower Office rejected a taxpayer's claim for an award.  See Cooper v. Commissioner, 135 T.C. 70 (2010).  We held that the letter constituted a determination because it was a final administrative decision regarding the taxpayer's whistleblower claims.  We stand by our holding in Cooper.

Here, petitioner received four letters from the Whistleblower Office.  The first letter denied petitioner's whistleblower claim.  The subsequent three letters merely reaffirmed the initial determination in the first letter. Moreover, the Whistleblower Office stated in a letter to petitioner that he would have to appeal the determination through the court system, not the Whistleblower Office.  Accordingly, we find that respondent's first letter to petitioner constituted a determination within the meaning of section 7623(b)(4).  We therefore have jurisdiction to review respondent's denial of petitioner's whistleblower claim.

II.  Timeliness of Petitioner's Petition

We next consider whether petitioner timely filed the petition.  To invoke the Court's jurisdiction, an individual must

appeal the amount or denial of an award determination to this Court within 30 days of such a determination by the Whistleblower Office. Sec. 7623(b)(4). Failure to file within the 30 days deprives the Court of subject matter jurisdiction. The Whistleblower Office issued petitioner its determination on November 13, 2009. Petitioner thereafter had 30 days to file an appeal with this Court, which he failed to do. Petitioner eventually filed a petition on June 18, 2010, that is, 217 days after the first letter was issued.

We recognize that petitioner may have relied on the erroneous advice of the Whistleblower Office in filing his initial appeal with the Claims Court. We, however, are limited in the relief we can provide. This Court's jurisdiction is strictly statutory, and estoppel cannot create jurisdiction where none exists. See Lumber Prods., Inc. v. Commissioner, T.C. Memo. 1992-728. We sympathize with petitioner. We cannot expand our jurisdiction, however, even where the Commissioner provided bad advice. See Schoenfeld v. Commissioner, T.C. Memo. 1993-303. Accordingly, we find that petitioner failed to timely file a petition with this Court.

For the foregoing reasons, we shall grant respondent's motion to dismiss.

<u>An appropriate order of dismisal</u> <u>for lack of jurisdiction will be</u> <u>entered</u>.