T.C. Memo. 2011-217


UNITED STATES TAX COURT



MURRAY S. FRIEDLAND, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8816-11W.                    Filed September 7, 2011.


Murray S. Friedland, pro se.

Navid Mehrjou, for respondent.



MEMORANDUM OPINION


PANUTHOS, Chief Special Trial Judge:  This case is before
the Court on respondent's motion to dismiss for lack of
jurisdiction.  The issues before the Court are:  (1) Whether
petitioner timely filed a petition disputing the Whistleblower
Office's determination to deny him an award and (2) if petitioner

timely filed a petition, whether his claim meets the monetary threshold requirement of section 7623(b).[1]

## Background

Petitioner resided in New York at the time he filed the petition.

On or about January 24, 2011, petitioner filed a Form 211, Application for Award for Original Information, with respondent's Whistleblower Office. The Whistleblower Office denied petitioner's whistleblower claim in a letter dated March 3, 2011, (the March 3 determination). Petitioner acknowledged receipt of the March 3 determination on March 11, 2011, when he called the IRS to dispute denial of his claim. The Whistleblower Office subsequently mailed two additional letters to petitioner, dated March 23 and April 11, 2011, both of which affirmed the March 3 determination. The March 23, 2011, letter responded to a letter from petitioner dated March 14, 2011, asking the IRS to reconsider the March 3 determination denying his whistleblower claim. The April 11, 2011, letter responded to a telephone call from petitioner.[2] The petition arrived at the Court and was

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The record does not reflect whether the Apr. 11, 2011, letter was in response to petitioner's Mar. 11, 2011, phone call or another phone call petitioner made to the IRS.

filed April 13, 2011. The petition was sent in a FedEx Express envelope bearing a FedEx Standard Overnight label with a ship date of April 12, 2011.

## Discussion

To invoke the Court's jurisdiction, an individual must appeal the amount or denial of an award to this Court within 30 days of such a determination by the Whistleblower Office. Sec. 7623(b)(4); Friedland v. Commissioner, T.C. Memo. 2011-90. The 30-day period begins on the date of mailing or personal delivery of the determination to the whistleblower at his last known address. Kasper v. Commissioner, 137 T.C ___, ___ (2011) (slip op. at 14). If the March 3 determination was mailed to petitioner at his last known address on March 3, 2011, the 30-day period for filing a timely petition with the Court under section 7623(b)(4) expired on April 4, 2011.[3]

Respondent relies upon the March 3, 2011, date to commence the period for petitioner to file a timely petition. Respondent has not offered any evidence of the date and fact of mailing. See Kasper v. Commissioner, supra at ___ (slip op. at 14) (citing Magazine v. Commissioner, 89 T.C. 321, 326 (1987) (with reference to a notice of deficiency, the Commissioner must "prove by direct

---

[3]The 30th day was Apr. 2, 2011, a Saturday. The final date to petition the Tax Court in this case which was not a Saturday, Sunday, or legal holiday was Monday, Apr. 4, 2011. See sec. 7503; Rule 25(a).

evidence the date and fact of mailing the notice to a taxpayer")).  However, there is some evidence of delivery of the notice to petitioner.

In the context of a notice of deficiency, where a taxpayer receives actual notice without prejudicial delay and with sufficient time to file a petition, the Court has found that the notice is effective.  Mulvania v. Commissioner, 81 T.C. 65, 69 (1983); see also Filosa v. Commissioner, T.C. Memo. 1993-615. Petitioner acknowledges receipt of the March 3 determination as of March 11, 2011, when he called the IRS to dispute the determination.  Thus we conclude that the March 3 determination was received no later than March 11, 8 days after the purported mailing.  Petitioner thus received actual notice and had ample opportunity to timely file a petition.  Even if the Court were to consider the time to file a petition to run from the date of actual receipt (no later than March 11), the petition in this case mailed April 12 (31 days after receipt) would still be

untimely since it is outside the 30-day period.[4]  See sec. 7623(b)(4).

In his response, petitioner asserts the March 23, 2011, letter is the "determination" and the petition was thus filed timely.  Contrary to petitioner's argument, however, the March 3 letter constituted the determination because it was a final administrative decision regarding his whistleblower claim.  See Cooper v. Commissioner, 135 T.C. 70 (2010); see also Kasper v. Commissioner, supra at ___ (slip op. at 8); Friedland v. Commissioner, supra.  In Friedland, we dealt with a substantially identical situation involving multiple Whistleblower Office letters issued to a whistleblower.  We concluded:

> Here, * * * [the whistleblower] received four
> letters from the Whistleblower Office.  The first
> letter denied * * * [the whistleblower's]
> whistleblower claim.  The subsequent three letters
> merely reaffirmed the initial determination in the
> first letter.  Moreover, the Whistleblower Office
> stated in a letter to petitioner that he would have
> to appeal the determination through the court
> system, not the Whistleblower Office.  Accordingly,
> we find that * * * [the first Whistleblower
> Office] letter to * * * [the whistleblower]

---

[4]In the notice of deficiency context, when the date of mailing of a notice cannot be proven, some Courts of Appeals have held that the time to file a petition in response to the notice would begin to run from the date of receipt.  Powell v. Commissioner, 958 F.2d 53, 57 (4th Cir. 1992); McPartlin v. Commissioner, 653 F.2d 1185, 1192 (7th Cir. 1981); Crum v. Commissioner, 635 F.2d 895, 901 (D.C. Cir. 1980).  Other Courts of Appeals have held that if the notice was received with ample time to file a petition, the notice was effective from the date of mailing.  Pugsley v. Commissioner, 749 F.2d 691, 692-693 (11th Cir. 1985).

constituted a determination within the meaning of
section 7623(b)(4). * * *

Friedland v. Commissioner, supra.  Similarly, the March 3 letter,
the first letter in the instant case, constituted a determination
under section 7623(b)(4), and the petition in this case was not
filed timely.  See sec. 7623(b)(4); see also Kasper v.
Commissioner, supra at ___ (slip op. at 8); Friedland v.
Commissioner, supra.[5]

In his response, petitioner alleges for the first time that
the Whistleblower Office erroneously advised him in writing to
appeal the denial of his claim to the Court of Federal Claims.
A review of the record shows no such written advice.[6]

_____

[5]Petitioner was also the whistleblower in Friedland v.
Commissioner, T.C. Memo. 2011-90.  Pursuant to the Court's
holding, as set forth at T.C. Memo. 2011-90, the Court entered an
order of dismissal for lack of jurisdiction in that case at
docket No. 13926-10W on Apr. 27, 2011.  An examination of the
Court's record at docket No. 13926-10W shows petitioner's
whistleblower claim at docket No. 13926-10W is separate and
distinct from the whistleblower claim in the instant case.

[6]It appears petitioner was advised in writing to appeal a
different whistleblower claim to the Court of Federal Claims in
docket No. 13926-10W, which is not at issue in this case.
Petitioner argues in this case that the earlier erroneous advice
regarding another whistleblower claim constitutes a "penalty"
imposed upon him which the IRS must abate pursuant to sec.
6404(f).  The IRS has not assessed a penalty against petitioner.
We have no jurisdiction to abate a penalty which has not been
assessed, nor do we have jurisdiction over a failure by the IRS
to abate a penalty which has not been assessed.  See sec.
6404(h).  Sec. 6404(f) affords petitioner no assistance in this
case.

As noted in <u>Friedland</u> and other cases cited therein, this Court's jurisdiction is strictly statutory, and estoppel cannot create jurisdiction where none exists.  We cannot expand our jurisdiction, even where the Commissioner provided bad advice. <u>Friedland v. Commissioner</u>, T.C. Memo. 2011-90 (citing <u>Schoenfeld v. Commissioner</u>, T.C. Memo. 1993-303).

On the basis of the foregoing, the Court concludes that the petition was not timely filed.  Therefore, we need not reach the issue of whether petitioner's claim met the monetary threshold requirement of section 7623(b).

To reflect the foregoing, the Court will grant respondent's motion to dismiss for lack of jurisdiction.

<u>An appropriate order of dismissal will be entered</u>.