THOMAS I. AMSINGER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Amsinger v. Comm'r
Docket No. 21851-11W
United States Tax Court
2012 U.S. Tax Ct. LEXIS 51; April 2, 2012, Decided
*51 Petitioner, Pro se.
For Respondent: Herwood R. Roberson, Washington, DC.
Lewis R. Carluzzo, Special Trial Judge.
Lewis R. Carluzzo
ORDER OF DISMISSAL FOR LACK OF JURISDICTION
This section 7623(b)[1] case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed November 17, 2011. Petitioner's objection to respondent's motion was filed December 7, 2011, and supplemented on December 23, 2011. The respective positions of the parties are amplified in documents since filed.
The history of petitioner's claims for a section 7623 award relating to conduct that occurred years before the effective date of section 7623(b) is well-documented in the submissions of the parties. Little benefit is gained by repeating that history in detail here. Resolution of the motion here under consideration requires that we address only those events that preceded the filing of the petition in this case that are relevant to our jurisdiction.
1. Petitioner's application for a section 7623 award with respect to conduct described in that application was first made during 2003 prior to the effective date of section 7623(b). *52 To the extent that the petitioner requests a section 7623 award on the basis of the information contained in that application, the Court is without jurisdiction in this matter. See Wolf v. Commissioner, T.C. Memo. 2007-133.
2. To the extent that any of petitioner's claims for a section 7623 award made after the effective date of section 7623(b) can be construed as a claim different from the claim submitted in 2003, and to the extent than any of respondent's letters sent to petitioner in response to those many claims can be construed as a determination within the meaning of section 7623(b)(4), the petition in this case was not filed within the period prescribed by section 7623(b)(4). To the extent that petitioner relies upon any of those letters to support the Court's jurisdiction in this matter, the petition is not timely, and the Court is without jurisdiction on that ground. See Friedland v. Commissioner, T.C. Memo. 2011-90.
3. The email attached to the petition, although issued within the period contemplated by section 7623(b)(4), is not a determination within the meaning of that section; the email merely confirms prior determinations, if any, made in response to petitioner's claims. *53 That being so, petitioner's reliance on the email to support jurisdiction in this case is misplaced, and the absence of a section 7623(b)(4) determination requires dismissal of the case for lack of jurisdiction. Id.
For the foregoing reasons, as well as for the reasons relied upon by respondent in support of his motion, it is
ORDERED that respondent's motion is granted, and this case is dismissed for lack of jurisdiction.
(Signed) Lewis R. Carluzzo
Special Trial Judge
ENTERED: APR 02 2012
Footnotes
1. Section references are to the Internal Revenue Code of 1986, as amended.↩