148 T.C. No. 20

UNITED STATES TAX COURT

DAVID T. MYERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2181-15W.                    Filed June 5, 2017.

P filed with R's Whistleblower Office (W) a claim for a whistleblower award under I.R.C. sec. 7623(b). W denied P's claim, stating in a letter dated March 13, 2013, that P is not eligible for an award and inviting P to contact W with any further questions. P continued to correspond with W during 2013 and 2014, sometimes submitting additional material regarding his claim. In response, W sent P four separate letters. By letters dated November 20, 2013, January 8, 2014, and March 6, 2014, W stated that it had "considered the additional information you provided and determined your claim still does not meet our criteria for an award." By letter dated February 24, 2014, W informed P that his claim had been closed on March 13, 2013, and attached a copy of the March 13, 2013, letter.

On January 20, 2015, P mailed his petition to the Court, which the Court received and filed on January 26, 2015. R moved to dismiss this case for lack of jurisdiction on the ground that P had failed to file his petition within the 30-day period specified by I.R.C. sec. 7623(b)(4).

**Held**: Each of W's letters to P constitutes an appealable determination for purposes of I.R.C. sec. 7623(b)(4).

**Held**, **further**, as with a notice of deficiency, where there is direct evidence a claimant received actual notice of an award determination without prejudicial delay and with sufficient time to file a petition, that notice is effective to commence the running of the 30-day period under I.R.C. sec. 7623(b)(4).

**Held**, **further**, P received actual notice of W's determinations without prejudicial delay and had ample opportunity to timely file a petition, yet P filed his petition significantly more than 30 days after receiving actual notice. Hence, P's petition is untimely and we will dismiss this case for lack of jurisdiction.

David T. Myers, pro se.

David K. Barnes and John T. Arthur, for respondent.

OPINION

ASHFORD, Judge: The petition in this case commenced a whistleblower proceeding pursuant to section 7623(b)(4).[1] Shortly thereafter, respondent moved to dismiss this case for lack of jurisdiction on the ground that petitioner had failed to file his petition within the time prescribed by that section. Petitioner filed a

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

notice of objection to respondent's motion. The parties subsequently supplemented their respective filings, and the Court held a hearing on the motion. At the conclusion of the hearing the Court took respondent's motion under advisement. After consideration,[2] we will grant respondent's motion and dismiss this case for lack of jurisdiction.

## Background

Petitioner resided in California at the time the petition was filed with the Court.

On August 17, 2009, petitioner filed with the Internal Revenue Service (IRS) Whistleblower Office (Whistleblower Office) a Form 211, Application for Award for Original Information, concerning alleged violations of the Internal Revenue Code by his former employer. He asserted that his former employer had intentionally misclassified him and numerous other coworkers as independent contractors in order "to avoid paying workmen compensation [sic], health insurance, vacation time, etc."

---

[2]For purposes of deciding respondent's motion, we consider the undisputed information in the pleadings, respondent's motion and the documents attached thereto, as supplemented, and petitioner's objection to the motion and the documents attached thereto, also as supplemented.

Throughout the rest of 2009, 2010, 2011, and 2012 petitioner frequently communicated with the Whistleblower Office by letter, facsimile, telephone, and email, submitting additional information regarding his claim and seeking updates on the status of his claim. The Whistleblower Office denied petitioner's claim in a letter dated March 13, 2013, stating:

> We have considered your application for an award dated 08/17/2009. Under Internal Revenue Code Section 7623, an award may be paid only if the information provided results in the collection of additional tax, penalties, interest or other proceeds. In this case, the information you provided did not result in the collection of any proceeds. Therefore, you are not eligible for an award.
>
> Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.
>
> If you have any further questions in regards to this letter, please feel free to contact the Informant Claims Examination Team at * * *.

In his filings in opposition to respondent's motion and at the hearing on the motion petitioner acknowledged having received this letter, but he could not recall when he actually received it. However, according to the Whistleblower Office's computer tracking system known as E-Trak,[3] on March 28, 2013, the

---

[3]At the hearing Chantelle Carr, an employee with the Whistleblower Office in Ogden, Utah, explained that each action undertaken by the Whistleblower Office regarding petitioner's claim was documented by an entry logged in E-Trak.

Whistleblower Office received a facsimile dated March 27, 2013, from petitioner. In the facsimile petitioner referenced the March 13, 2013, denial letter, stating in pertinent part that "[a]fter three and a half years of having no contact from your office regarding the particulars of my case I inexplicably received a letter denying my claim".

Petitioner continued to correspond with the Whistleblower Office throughout the rest of 2013 and 2014, sometimes submitting additional material regarding his claim. He sent correspondence to the Whistleblower Office on September 28, November 24, and November 30, 2013, and February 18, February 20, and March 3, 2014.

The Whistleblower Office replied to petitioner in letters dated November 20, 2013, and January 8, February 24, and March 6, 2014. The November 20, 2013, and January 8 and March 6, 2014, letters were identical, each stating:

> We considered the additional information you provided and determined your claim still does not meet our criteria for an award. Our determination remains the same despite the information contained in your latest letter.

> Please keep in mind the confidentiality of the informants' claims process and understand that we cannot disclose the facts surrounding an examination, i.e., taxes collected and audit examination.

Although the information you submitted did not qualify for an award, thank you for your interest in the administration of the internal revenue laws.

If you have any further questions in regards to this letter, please feel free to contact the Initial Evaluation Claims at * * *.

The February 24, 2014, letter stated:

This letter is in regard to your correspondence dated February 20, 2014, concerning your claim for award.

We closed your claim for award on March 13, 2013. I am enclosing a copy of the letter for your information.

When we receive allegations of non-compliance, the information is evaluated to determine if an investigation or audit is appropriate. The evaluation considers many factors; however, we cannot share our analysis with you because of the taxpayer privacy provisions of section 6103 of the Internal Revenue Code. At the conclusion of our review, we can only tell you whether the information you provided met the criteria for paying an award. Unfortunately, we cannot give you specific details about what actions we take, if any, because of the privacy laws that protect the tax information of all taxpayers.

I am sorry that my response cannot be more specific. If you have further questions about your claim, please call or write the Whistleblower Office, ICE Team at the above address or phone number.

Thank you for your interest in compliance with the tax laws.

In his filings in opposition to respondent's motion and at the hearing on the motion petitioner acknowledged having received all of these letters as well.

Although he also could not recall when he had actually received these letters, he never gave any indication that he had not received any of them in a timely fashion.

After the Whistleblower Office's March 6, 2014, letter, petitioner continued to pursue his claim by directing his further communications not to the Whistleblower Office but instead, out of frustration with that office, to the attention of the IRS Chief Counsel, the Treasury Inspector General for Tax Administration, and other Government officials. In his filings in opposition to respondent's motion and at the hearing on the motion he acknowledged addressing emails to these officials on 25 different dates commencing on April 11, 2014, and ending on February 12, 2015.

On January 20, 2015, petitioner mailed to the Court a petition he titled "Petition for Whistleblower Action Under Code Section 7623(B)(4) and the Affirmative Defense of Estoppel", which the Court received and filed on January 26, 2015. The petition contains 22 lettered statements. See Rule 341(b). The only lettered statement where petitioner expresses disagreement with any of the Whistleblower Office's letters to him is the first; there he mentions solely the letter dated March 13, 2013, stating that "I would like to ask the court to revisit the

denial of my IRS Whistleblower (W/B) claim * * * that was inexcusably denied by the IRS on 3/13/2013."[4]

At the hearing on respondent's motion petitioner testified that he was confused by the Whistleblower Office's letters and his options for redress, spending "months" pursuing what he referred to as an "administrative claims process", and was not aware of his ability to appeal to this Court until shortly before he did so. Respondent at the hearing acknowledged that none of the Whistleblower Office's letters were sent to petitioner via certified mail, in contravention of the directive in Internal Revenue Manual (IRM) pt. 25.2.2.10 (June 18, 2010) in effect when the Whistleblower Office's letters were sent to petitioner in 2013 and 2014.[5] According to respondent, the primary reason for not following this IRM provision was "funding because there's a lot of costs

---

[4]On August 14, 2015, petitioner filed an amendment to his petition, alleging additional instances of fraud committed by his former employer; he did not further address the March 13, 2013, letter or refer to any of the other letters from the Whistleblower Office.

[5]The Secretary has since issued regulations on whistleblower administrative proceedings and appeals of award determinations that do not specify any mailing requirement for the determination, and the IRS has changed the IRM to delete the provision on communicating the determination via certified mail. See sec. 301.7623-3, Proced. & Admin. Regs., 79 Fed. Reg. 47270 (Aug. 12, 2014); Internal Revenue Manual (IRM) pt. 25.2.2.9 (Aug. 7, 2015); IRM pt. 25.2.2.11 (June 18, 2010).

associated with certified mail." Respondent also averred that the relevant statute (i.e., section 7623) dictates neither the contents of the written whistleblower award determination nor the means by which that written determination is to be provided to the claimant.

## Discussion

This Court has jurisdiction only to the extent expressly provided by statute. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985); Breman v. Commissioner, 66 T.C. 61, 66 (1976). We cannot create or expand this jurisdiction by estoppel or other equitable measures. See Friedland v. Commissioner (Friedland I), T.C. Memo. 2011-90, slip op. at 7 (and cases cited threat); see also Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418, 422 (1943) ("The Internal Revenue Code, not general equitable principles, is the mainspring of the * * * [Court's] jurisdiction.").

Our jurisdiction over whistleblower cases is provided by section 7623(b)(4), which provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." We thus have jurisdiction under section 7623(b)(4) when (1) the IRS makes a determination under section 7623(b)(1), (2), or (3); and (2) an appeal to this Court

from the determination is timely. Whistleblower 26876-15W v. Commissioner, 147 T.C. ___, ___ (slip op. at 6) (Nov. 9, 2016); Comparini v. Commissioner, 143 T.C. 274, 277 (2014); Kasper v. Commissioner, 137 T.C. 37, 41 (2011); see also Rule 340(b). Accordingly, we will address in turn each component of our whistleblower jurisdiction as it pertains to this case.

I.    Determination

We have held that there are no particular formal requirements for what constitutes a "determination" by the Whistleblower Office for purposes of section 7623(b)(4). Cooper v. Commissioner, 135 T.C. 70, 75-76 (2010). A written notice informing a claimant that the IRS has considered information that he submitted and has decided whether the information qualifies the claimant for an award generally will be sufficient. Comparini v. Commissioner, 143 T.C. at 278-279. Thus, because of this broad standard and the back-and-forth nature of many whistleblower claims (as claimants submit additional information either spontaneously or at the Whistleblower Office's behest), the Whistleblower Office could conceivably issue several determinations appealable to this Court over the course of adjudicating a whistleblower claim, and a claimant need not parse the determinations for indications that the 30-day period to appeal to this Court has commenced. Id. at 281-282.

We believe it is appropriate to construe this aspect of our whistleblower jurisdiction broadly particularly because, as with the letters sent to petitioner in this case, the Whistleblower Office typically does not include in such letters any information regarding a claimant's right to appeal to this Court or the timeframe in which he must do so.[6]  See id. at 286; see also Lewy v. Commissioner, 68 T.C. 779, 781 (1977) ("[T]his Court and the Courts of Appeals have given the jurisdictional provisions a broad, practical construction rather than a narrow, technical meaning."); Traxler v. Commissioner, 61 T.C. 97, 100 (1973) ("Where * * * [a jurisdictional statute] is capable of two interpretations, we are inclined to adopt a construction which will permit us to retain jurisdiction without doing violence to the statutory language.").

The Whistleblower Office sent five letters to petitioner over nearly 12 months in 2013 and 2014 regarding his claim.  Respondent suggests in his motion

---

[6]Indeed, the consistent lack of this information in such letters not only is inconsistent with respondent's practice in many other areas where our jurisdiction is implicated (in particular, deficiency cases, cases involving relief from joint and several liability, and lien/levy cases), but also, we believe, can be prejudicial to claimants--especially because there are only 30 days to appeal--and the cause of much unnecessary confusion and consternation in our adjudication of such cases. Respondent apparently agrees, as the IRM was modified, effective August 7, 2015, to direct that the Whistleblower Office include such information in the final determination letters that it issues to claimants.  See IRM pt. 25.2.2.9(9) (Aug. 7, 2015).

and argued at the hearing on his motion that only the March 13, 2013, letter reflects a "determination" under section 7623(b)(4) from which petitioner can appeal to this Court. This argument ignores our clear observation in Comparini that as to a single whistleblower claim, the Whistleblower Office may issue multiple determinations, on any of which our jurisdiction pursuant to section 7623(b)(4) may be based. See Comparini v. Commissioner, 143 T.C. at 283.

The Whistleblower Office's March 13, 2013, letter to petitioner stated in pertinent part that the Whistleblower Office had considered his claim and that he was not eligible for an award as "the information you provided did not result in the collection of any proceeds." See Cooper v. Commissioner, 135 T.C. at 72-76 (holding letter constituted an appealable "determination" for purposes of section 7623(b)(4) where it (1) stated that "'an award determination * * * [could not] be made under section 7623(b)' because * * * [the claimant] 'did not identify * * * federal tax issue[s] upon which the IRS will take action'", and (2) explained that an award was not warranted "because * * * [the claimant's] information did not 'result in the detection of the underpayment of taxes'" (fn. ref. omitted)).[7] The

_____

[7]The 2012 rejection letters to the claimant in Comparini v. Commissioner, 143 T.C. 274 (2014), contained wording identical to that in the March 13, 2013, letter, but in Comparini we "simply decide[d] that the 2013 letter constitute[d] a determination and that its status as a determination is not negated * * * by the fact

(continued...)

subsequent four letters sent to petitioner in 2013 and 2014 similarly contain statements addressing the merits of his claim.  The November 20, 2013, and January 8 and March 6, 2014, letters stated in pertinent part that the Whistleblower Office had considered the additional information petitioner provided and that the Office's "determination remains the same"; to wit, petitioner's claim still did not meet the criteria for an award.  See Comparini v. Commissioner, 143 T.C. at 276, 279 (holding 2013 letter containing identical wording constituted an appealable "determination" for purposes of section 7623(b)(4)).  The February 24, 2014, letter in pertinent part informed petitioner that his claim had been closed on March 13, 2013, and attached a copy of the March 13, 2013, letter.  See Whistleblower 26876-15W v. Commissioner, 147 T.C. at ___ (slip op. at 6-7) (holding a 2015 letter constituted a separate appealable "determination" for purposes of section 7623(b)(4) where letter informed claimant that his claim had been closed and included a copy of a 2014 letter denying his claim, which the Whistleblower Office had failed to send to claimant's last known address).  Accordingly, we find that each of the five letters to petitioner from the Whistleblower Office reflects an appealable determination under section 7623(b)(4).

---

[7](...continued)
that the Whistleblower Office sent the 2012 letters."  Id. at 286.

II.    Timeliness

Given this finding, we now consider whether petitioner timely filed his petition.  As stated supra p. 9, to invoke the Court's jurisdiction, a claimant must appeal the amount or denial of an award to this Court within 30 days of such a determination by the Whistleblower Office.  See also Friedland v. Commissioner (Friedland II), T.C. Memo. 2011-217, slip op. at 3 (citing Friedland I and section 7623(b)(4)).

The Whistleblower Office's five letters to petitioner reflect dates between March 13, 2013, and March 6, 2014, but petitioner did not file his petition until January 26, 2015.  Respondent argues that petitioner received actual notice of the Whistleblower Office's determinations regarding his claim with sufficient time to allow him to file a timely petition with this Court.  Because petitioner's petition was filed well outside any of the 30-day periods following petitioner's receipt of actual notice of each of the Whistleblower Office's determinations, respondent argues that this Court lacks jurisdiction over it.

In Kasper v. Commissioner, 137 T.C. at 45, we held that the 30-day period under section 7623(b)(4) begins on the date of mailing or personal delivery of the determination to the claimant at his last known address and that the Commissioner must prove by direct evidence the date and fact of mailing or personal delivery.

More recently, we reiterated this standard in Allibone v. Commissioner, T.C.
Memo. 2016-91, at *4-*5.  In each case, in interpreting this standard, we held that
testimony of custom or evidence of standard business practice (i.e., the testimony
or declaration of Whistleblower Office employees, together with a copy of the
Whistleblower Office's E-Trak records), standing alone, is not sufficient direct
evidence of mailing.  Kasper v. Commissioner, 137 T.C. at 45; Allibone v.
Commissioner, at *5.  However, we had no occasion in either case to address
whether notice to a claimant would be effective, and thus the 30-day period under
section 7623(b)(4) would commence, when the claimant received (and admitted to
receiving) actual notice without prejudicial delay and with sufficient time to file a
petition.

That principle originates from our deficiency jurisprudence.  See, e.g.,
Mulvania v. Commissioner, 81 T.C. 65, 69 (1983); see also Crum v.
Commissioner, 635 F.2d 895, 901 (D.C. Cir. 1980) ("[T]he time period for filing
the petition for redetermination did not commence until * * * [the taxpayer]
received actual notice of the deficiency[.]").  In Friedland II, slip op. at 4, we
expressed approval for applying this principle to whistleblower cases, holding that
the denial letter to the claimant there, which was dated and purportedly mailed
March 3, 2011, was effective because he acknowledged receipt of that letter on

March 11, 2011, when he called the IRS to dispute the denial. On the basis of that acknowledgment, we went on to conclude:[8]

> [T]he March 3 determination was received no later than March 11, 8 days after the purported mailing. Petitioner thus received actual notice and had ample opportunity to timely file a petition. Even if the Court were to consider the time to file a petition to run from the date of actual receipt (no later than March 11), the petition in this case mailed April 12 (31 days after receipt) would still be untimely since it is outside the 30-day period. * * * [Id. at 4-5.]

Cf. Allibone v. Commissioner, at *6 (rejecting Commissioner's argument that Whistleblower Office's employee's phone call to claimant's counsel placed claimant on actual notice that denial letter was mailed on a date certain giving him sufficient time to file a petition because "at best" the call reflected employee's belief that the letter "had been or would be mailed but is not direct evidence of mailing").

We hold that this principle from our deficiency jurisprudence applies to whistleblower cases. Hence, we must determine here whether there is sufficient

---

[8]We criticized Friedland II (as well as Friedland I) in Comparini v. Commissioner, 143 T.C. at 283, essentially overturning those cases, but only "to the extent they state or imply that it is not possible for the Whistleblower Office to issue, as to a given claim, more than one 'determination' on which our jurisdiction might be based." Our Opinion in Comparini did not provide any basis on which to disturb our holding in Friedland II as to actual notice and ample filing opportunity. Accordingly, that holding remains intact, and we believe, given the circumstances of many whistleblower cases, we should continue to follow it.

direct evidence in the record of (1) the date and fact of mailing or personal delivery of each of the five letters from the Whistleblower Office to petitioner, or (2) petitioner's having received actual notice of each of these letters without prejudicial delay and with sufficient time to file a petition.

At the hearing on his motion respondent admitted that the Whistleblower Office did not send any of the five letters to petitioner by certified mail.[9] Seeking to prove the date and fact of mailing or personal delivery of these letters, respondent attached several exhibits to the first supplement to his motion to dismiss, one a copy of the Whistleblower Office's E-Trak records for petitioner's claim and another an unsworn declaration of Whistleblower Office employee, Ms. Carr. The declaration set forth her duties, how E-Trak is used, and what the E-Trak records for petitioner's claim purportedly showed. Respondent also called Ms. Carr to testify at the hearing on his motion, and her testimony was consistent

---

[9]As noted supra p. 8, respondent further acknowledged that as a result, the Whistleblower Office failed to comply with the directive in effect at the time in the IRM that the Whistleblower Office mail these letters by certified mail. See IRM pt. 25.2.2.10 (June 18, 2010). Petitioner in his filings in opposition to respondent's motion relies heavily on this failure as grounds for equitable relief, but it is well settled that provisions in the IRM are discretionary rather than mandatory, creating no legally enforceable rights for taxpayers. See, e.g., Fargo v. Commissioner, 447 F.3d 706, 713 (9th Cir. 2006), aff'g T.C. Memo. 2004-13; Elaine v. Commissioner, T.C. Memo. 2017-3, at *9-*10 (and cases cited threat). Additionally, as noted supra p. 9, we cannot expand our jurisdiction for equitable considerations.

with the statements in her declaration. This evidence, standing alone, is insufficient to satisfy the Kasper standard.

There is, however, direct evidence in the record before us that petitioner received actual notice of these letters without prejudicial delay and with sufficient time to file a petition. In his filings in opposition to respondent's motion and at the hearing on the motion petitioner admitted without reservation receiving each letter. Although he could not recall exactly when he received each letter, it is clear that he did so shortly after their dates. The record includes a copy of the facsimile from petitioner dated March 27, 2013 (which he admitted sending), in which he acknowledged receipt of the March 13, 2013, letter. Petitioner also did not dispute that after receiving the letters dated November 20, 2013, and January 8 and February 24, 2014, he promptly continued his correspondence with the Whistleblower Office (on November 24 and November 30, 2013, and February 18, February 20, and March 3, 2014), and that after the Whistleblower Office's March 6, 2014, letter, he promptly continued to correspond with various other Government officials on account of his frustration with the Whistleblower Office, commencing with an email to those officials on April 11, 2014. In the light of petitioner's admissions, we find that he received and thus had actual notice of all of the Whistleblower Office's letters by no later than April 11, 2014. Yet despite

having ample opportunity to timely file a petition, he did not do so until January 26, 2015, 290 days after April 11, 2014.[10]

We sympathize with petitioner, particularly in the light of the unhelpfully sparse contents of the Whistleblower Office's letters. Nonetheless, on the basis of the foregoing, we find that petitioner failed to timely file his petition with this Court. As a result, we will dismiss this case for lack of jurisdiction.

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.

---

[10]In particular, the record before us indicates that petitioner received the March 13, 2013, letter by no later than March 27, 2013, when he sent the facsimile to the Whistleblower Office; that he received the November 20, 2013, letter, by no later than November 24, 2013, when he further corresponded with the Whistleblower Office; that he received the January 8, 2014, letter, by no later than February 18, 2014, when he additionally corresponded with the Whistleblower Office; that he received the February 24, 2014, letter no later than March 3, 2014, when he corresponded again with the Whistleblower Office; and that he received the March 6, 2014, letter by no later than April 11, 2014, when he emailed various other Government officials.