# KENNETH WILLIAM KASPER, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13399–10W.          Filed July 12, 2011.

On Jan. 29, 2009, P filed with R a claim for a whistleblower award under sec. 7623(b)(4), I.R.C., implicating a public corporation and its CEO. R bifurcated P's whistleblower claim into a claim for the corporation and another for its CEO. On June 19, 2009, R purportedly issued a letter for each claim, denying both on the basis that P did not meet the appropriate criteria for an award under sec. 7623(b), I.R.C. On May 3, 2010, P contacted R about the status of his whistleblower claim. His letter referenced only the claim implicating the CEO. On May 24, 2010, R responded by sending P a copy of the denial letter pertaining to the claim as to the CEO. On June 14, 2010, P filed a petition with this Court seeking review of R's denial of the whistleblower claim as to the CEO. R filed a motion to dismiss this case for lack of jurisdiction on two grounds: First, that no determination under sec. 7623(b), I.R.C., was made; and, second, if we find that a determination was made, that P failed to petition this Court within 30 days as required by sec. 7623(b)(4), I.R.C. P argues that he did not receive a determination pursuant to sec. 7623(b)(4), I.R.C., with respect to the corporate claim. Further, P argues that he did not receive a determination with respect to the claim implicating the CEO until May 24, 2010. Because he

filed his petition on June 14, 2010, he argues that he has met the 30-day requirement of sec. 7623(b)(4), I.R.C., giving this Court jurisdiction as to the claim implicating the CEO. *Held*: In accordance with our decision in *Cooper v. Commissioner*, 135 T.C. 70 (2010), each Whistleblower Office letter that denies a whistleblower claim is a determination within the meaning of sec. 7623(b)(4), I.R.C. *Held*, *further*, R must prove by direct evidence the date and fact of mailing of the determination to the whistleblower. *Magazine v. Commissioner*, 89 T.C. 321, 326 (1987). *Held*, *further*, the 30-day period of sec. 7623(b)(4), I.R.C., within which a whistleblower must file a petition in response to a Whistleblower Office determination, begins on the date of mailing of the determination by the Whistleblower Office. *Held*, *further*, P filed his petition with this Court within the 30-day period specified by sec. 7623(b)(4), I.R.C., and we shall deny R's motion to dismiss for lack of jurisdiction.

Kenneth William Kasper, pro se.
*John T. Kirsch*, for respondent.

## OPINION

HAINES, *Judge*: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction. The two issues before us are: (1) Whether a letter denying petitioner's whistleblower claim constitutes a "determination" within the meaning of section 7623(b)(4);[1] and (2) if it does, whether petitioner filed a petition with this Court "within 30 days of such determination" to establish subject matter jurisdiction.

## *Background*

Petitioner resided in Arizona at the time he filed his petition.

On January 29, 2009, petitioner filed a Form 211, Application for Award for Original Information (whistleblower claim), with respondent's Whistleblower Office (Whistleblower Office). Petitioner's whistleblower claim provided information alleging that a public corporation and its CEO failed to pay required overtime and failed to withhold employment taxes with respect to that overtime.

The Whistleblower Office bifurcated petitioner's whistleblower claim into a claim for the corporation (corporate claim) and one for the CEO (CEO claim) and assigned each a

---

[1] All section references are to the Internal Revenue Code of 1986, as amended.

separate claim number. On April 10, 2009, the Whistleblower Office sent petitioner a separate letter for each claim which informed him that the claims were being evaluated to determine whether an investigation was warranted and a reward was appropriate.

On June 19, 2009, the Whistleblower Office denied both claims. A denial letter was prepared for each claim. Each denial letter explained that the Whistleblower Office had reviewed and evaluated petitioner's claim and determined that the information he provided did not meet the appropriate criteria for an award. The denial letters also stated that Federal disclosure and other prevailing laws prevented the Whistleblower Office from providing a specific explanation for the denials. Consequently, the denial letters recited a boilerplate list of common reasons for not allowing an award, including: (1) The application provided insufficient information; (2) the information provided did not result in the recovery of taxes, penalties, or fines; or (3) the Internal Revenue Service (IRS) already had the information provided or such information was available in public records.

The only direct evidence of the date when petitioner was notified of the denial of his whistleblower claim was a letter sent by the Whistleblower Office in response to an inquiry by petitioner. On May 3, 2010, petitioner notified the Whistleblower Office that the public corporation implicated had made a settlement payment to the IRS. In the May 3 letter, petitioner asked when he could expect notification that the information he provided met the appropriate criteria for an award. Petitioner's letter referenced the claim number assigned to the CEO claim, not to the corporate claim. On May 24, 2010, the Whistleblower Office responded by sending petitioner a copy of the denial letter dated June 19, 2009, for the CEO claim. A copy of the denial letter for the corporate claim was not provided. On June 14, 2010, petitioner filed his petition for a whistleblower action with this Court pursuant to section 7623(b)(4) seeking review of respondent's denial of the whistleblower claim as to the CEO.

During the time relevant to this case, the standard practice within the Whistleblower Office was to prepare a denial letter and scan it into e-Trak, the Whistleblower Office's com-

puter database.[2] Thereafter, history notes were written or typed, dated, and then entered into e-Trak as an investigation history report. A copy of the denial letter was placed in a paper file.

Standard mailing procedures for denial letters required that the original denial letter be placed by a clerk in an envelope addressed to the whistleblower claimant at his or her last known address and deposited in the Whistleblower Office's outgoing mail. At the end of each day, a clerk took the outgoing mail to the facilities mailroom, where mail was picked up daily for delivery by the U.S. Postal Service. None of the letters were sent by certified or registered mail, and a mailing log was not kept.

The e-Trak system and the investigation history reports indicate that the Whistleblower Office's standard procedures were followed in petitioner's case.[3] Moreover, the denial letters were addressed to petitioner at his last known address and were not returned to the Whistleblower Office by the U.S. Postal Service as undeliverable.

## *Discussion*

We are asked to decide: (1) Whether a letter denying petitioner's whistleblower claim constitutes a "determination" within the meaning of section 7623(b)(4); and (2) if it does, whether petitioner filed a petition with this Court "within 30 days of such determination" pursuant to section 7623(b)(4) to give this Court subject-matter jurisdiction.

The Tax Court is a court of limited jurisdiction and may exercise its jurisdiction only to the extent authorized by Congress. *Judge v. Commissioner*, 88 T.C. 1175, 1180–1181 (1987); *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). The Tax Court is without authority to enlarge upon that statutory grant. See *Phillips Petroleum Co. v. Commissioner*, 92 T.C. 885, 888 (1989). We nevertheless have jurisdiction to determine whether we have jurisdiction. *Hambrick v. Commissioner*, 118 T.C. 348 (2002); *Pyo v. Commissioner*, 83

---

[2] Bradley DeBerg, supervisor of the Whistleblower Office in Ogden, Utah, provided the information relating to standard practice by means of a declaration in support of respondent's motion to dismiss for lack of jurisdiction.

[3] The date on petitioner's denial letters is June 19, 2009, yet the investigation history reports provide a date of June 18, 2009. DeBerg explained this discrepancy by saying that it is likely that a clerk in the Whistleblower Office mistakenly used the wrong date stamp on the investigation history reports.

T.C. 626, 632 (1984); *Kluger v. Commissioner*, 83 T.C. 309, 314 (1984).

Congress enacted section 7623(b)(4) as part of the Tax Relief and Health Care Act of 2006, Pub. L. 109–432, div. A, sec. 406, 120 Stat. 2958 (effective Dec. 20, 2006). Section 7623(b)(4) provides:

> (4) APPEAL OF AWARD DETERMINATION.—Any determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter).

Section 7623(b)(4) clearly provides that: (1) The whistleblower claimant has a right to appeal any determination made by the Whistleblower Office; (2) he or she must appeal within a 30-day period; and (3) the Tax Court has jurisdiction to hear the appeal. The jurisdiction of the Court is dependent upon a finding that a determination has been made and a finding that the appeal from the determination is timely. However, the statute does not clearly define the term "determination" or the date on which the 30-day period begins.

A. *Determination*

Respondent argues that there has been no determination with respect to either of petitioner's claims because the information provided was not used to detect underpayments of tax or to collect proceeds. Respondent argues that there can be a determination on which an appeal to the Tax Court can be based only if the Whistleblower Office undertakes an administrative or judicial action and thereafter determines to make an award.

We recently decided this issue in *Cooper v. Commissioner*, 135 T.C. 70 (2010). Faced with identical arguments from the Commissioner in *Cooper*, we held that a letter rejecting a whistleblower claim constitutes a determination within the meaning of section 7623(b)(4) because it is a final administrative decision. We see no reason not to follow our holding in *Cooper*. Here the denial letter from the Whistleblower Office states that petitioner is not entitled to an award. It is a final administrative decision. Accordingly, we find that each of the June 19, 2009, denial letters constitutes a determination within the meaning of section 7623(b)(4).

B. *Timeliness*

In 2006 the Tax Court was given jurisdiction to hear appeals of determinations under the whistleblower statute (section 7623(b)(4)) and the lien and levy statute (section 6330(d)). Both statutes use similar language to describe the period within which a person may appeal an adverse determination to the Tax Court. Section 7623(b)(4) provides that an appeal must be filed "within 30 days of such determination", while section 6330(d) provides that an appeal must be filed "within 30 days of a determination under this section". Neither statute expressly provides that the determination must be communicated to the person subject to the determination. Yet Congress clearly intended to provide a whistleblower with due process; i.e., notice and an opportunity to be heard. Requiring the Whistleblower Office to provide the whistleblower with notice of the determination is the logical first step to establish the starting date for the period of appeal.[4] Otherwise, the IRS could delay notifying the claimant until 30 days after the determination is issued and thereby deprive a claimant of any appeal rights.

When considering notice requirements in lien and levy cases, we have held in *Weber v. Commissioner*, 122 T.C. 258, 261–262 (2004):

Although section 6330(d) does not specify the means by which the Commissioner is required to give notice of a determination made under sections 6320 and 6330, we conclude that the method that Congress specifically authorized for sending notices of deficiency in section 6212(a) and (b) certainly should suffice. Accordingly, we hold that a notice of determination issued pursuant to sections 6320 and/or 6330 is sufficient if such notice is sent by certified or registered mail to a taxpayer at the taxpayer's last known address. * * *

The Secretary promulgated detailed regulations for lien and levy cases to establish that notices of determination must be mailed by certified or registered mail, must set forth the Office of Appeals' findings and decisions, and must advise the taxpayer of the taxpayer's right to seek judicial review.[5]

---

[4] Every other statute invoking the jurisdiction of the Court requires the Commissioner to mail a written notice or determination, usually by certified or registered mail, or to personally deliver the notice or determination, to establish the starting date of the period of appeal. See, e.g., secs. 6015(e)(1)(A)(i)(I), 6110(f), 6213(a), 6226(a), 6247(a), 6404(h).

[5] Sec. 301.6330–1(e)(3), Q&A E8, E10, Proced. & Admin. Regs. The regulations provide inconsistent starting dates (E8, within 30 days of the date of the notice of determination; E10, within

In contrast, for whistleblower cases, the IRS issued internal guidance governing the Whistleblower Office's operations. Internal Revenue Manual (IRM) pt. 25.2.2, Whistleblower Awards. IRM pt. 25.2.2.13 (Dec. 30, 2008), in effect for the date the denial letters were issued in this case, stated:

Once the Whistleblower Office has made a final determination regarding a claim, the Whistleblower Office will communicate the determination, in writing, to the claimant. Final Whistleblower Office determinations regarding awards under section 7623(b) may, within 30 days of such determination, be appealed to the United States Tax Court. In accordance with section 7623(b)(4), decisions under section 7623(a) may not be appealed to the Tax Court.

The guidance was silent as to when and how the communication had to be sent.[6]

We hold that the Commissioner must demonstrate either mailing or personal delivery of a denial letter to the whistleblower's last known address.

### 1. *The Arguments*

The denial letters are dated June 19, 2009. Petitioner filed his petition with the Court on June 14, 2010, 360 days later. Petitioner's petition references only the denial letter for the CEO claim. Petitioner argues that he did not receive a denial letter in reference to the corporate claim. Petitioner further argues that he did not receive a denial letter in reference to the CEO claim until May 24, 2010, when the Whistleblower Office sent him a copy of the June 19, 2009, letter in response to his request for information on the status of his whistleblower claim. Accordingly, petitioner argues that his petition with respect to the CEO claim is timely and that he has yet to receive a determination with respect to the corporate claim.

---

the 30-day period commencing the day after the date of notice of determination). The inconsistency has not been the subject of litigation to date.

[6]On June 18, 2010, the IRM was revised. Revised IRM pt. 25.2.2.10 states:

Once the Whistleblower Office has made a final determination regarding a claim under 7623(b)(1), (2), or (3), the Whistleblower Office will communicate the determination, in writing via certified mail, to the claimant. Final Whistleblower Office determinations regarding awards under section 7623(b)(1), (2) and (3) may, within 30 calendar days of such determination, be appealed to the United States Tax Court, 400 Second Street, NW, and Washington DC 20217. The IRS does not have the authority to extend the period for filing an appeal. In accordance with section 7623(b)(4), decisions under section 7623(a) may not be appealed to the Tax Court.

The certified mail requirement, however, was not in effect for the date the denial letters were issued in this case and is therefore not applicable.

Respondent argues that the denial letters were mailed to petitioner on June 19, 2009, the date they were prepared, and, therefore, petitioner's 30-day window to appeal the denial letters began on that date. Because no appeal was filed as to the corporate claim and the appeal on the CEO claim was filed outside the 30-day period, respondent argues that we are without jurisdiction to review the determinations.

2. *Findings and Holding*

The Government is generally entitled to a rebuttable presumption of delivery upon presentation of evidence of proper mailing. See *Hagner v. United States*, 285 U.S. 427, 430 (1932); *Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993); *Doolin v. United States*, 918 F.2d 15 (2d Cir. 1990). Although the Whistleblower Office did not have a certified mailing requirement at the time the denial letters were issued, respondent argues there is a strong inference of delivery when it is shown that the Whistleblower Office complied with its internal procedures for mailing of the denial letters in the regular course of its operations. See *Mahon v. Credit Bureau of Placer Cy. Inc.*, 171 F.3d 1197 (9th Cir. 1999); *Godfrey v. United States*, *supra*; *Gonzales Packing Co. v. East Coast Brokers & Packers, Inc.*, 961 F.2d 1543, 1545 (11th Cir. 1992); *McClaskey v. Commissioner*, T.C. Memo. 2008–147. A strong inference must arise from more than unsupported conclusory statements of an individual based on his assumption of how mail was handled in the normal course of business in his office. See *Gonzales Packing Co. v. E. Coast Brokers & Packers, Inc.*, *supra* at 1545; *Leasing Associates, Inc. v. Slaughter & Son, Inc.*, 450 F.2d 174, 178 (8th Cir. 1971).

Respondent argues that the standard operating procedures within the Whistleblower Office were followed to prove that the denial letters were mailed. The Whistleblower Office's e-Trak system was described. The e-Trak system is a computer record which indicates that a denial letter was sent but does not confirm where it was sent, to whom it was sent, or whether it was a part of the Whistleblower Office's outgoing mail.

Nor was there a mailing log. In *McClaskey v. Commissioner*, *supra*, we held that mailing logs showing a taxpayer's name and last known address, confirmation that the log was reviewed for accuracy, and the testimony of an agent familiar with the IRS' mailing procedures were sufficient to prove that a notice of beginning of administrative proceeding had been mailed. Respondent has not presented similar mailing logs or any other direct evidence that the denial letters were properly mailed to petitioner on June 19, 2009.

Although evidence of standard practice will be afforded appropriate weight as the circumstances of each case require, we cannot find that compliance with standard practices within the Whistleblower Office, standing alone, permits a finding that the denial letters in question were mailed to petitioner on June 19, 2009. The date a determination is mailed is of critical importance to establish our jurisdiction to review a taxpayer's case. We will hold we do not have jurisdiction when a taxpayer does not meet the 30-day requirement. And as we have emphasized in cases involving our jurisdiction: "In this setting, we must require * * * [the Commissioner] to prove by direct evidence the date and fact of mailing the notice to a taxpayer." *Magazine v. Commissioner*, 89 T.C. 321, 326 (1987).

We hold that the 30-day period of section 7623(b)(4) within which a whistleblower must file a petition in response to a Whistleblower Office determination begins on the date of mailing or personal delivery of the determination to the whistleblower at his last known address. We further hold that the Commissioner must prove by direct evidence the date and fact of mailing or personal delivery of the notice to the whistleblower. Respondent failed to prove that the denial letters were properly mailed to petitioner on June 19, 2009. The denial letter for the CEO claim, however, was mailed on May 24, 2010. Petitioner filed his petition with the Court on June 14, 2010. Accordingly, petitioner timely filed his petition with respect to the CEO claim.[7]

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

---

[7] With respect to the denial letter on the corporate claim, there is no direct evidence of mailing and, therefore, the time has yet to begin in which petitioner may file a petition as to that claim pursuant to sec. 7623(b)(4).

For the foregoing reasons, we will deny respondent's motion to dismiss as to the CEO claim.

*An appropriate order will be issued.*