T.C. Memo. 2016-91

UNITED STATES TAX COURT

THOMAS W. ALLIBONE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15399-15W.                    Filed May 5, 2016.

<u>Steven N. Berk</u> and <u>Stephen J. Rosen</u>, for petitioner.

<u>Marianna Lvovsky</u> and <u>John T. Arthur</u>, for respondent.

MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction.  For the reasons discussed below, we will deny respondent's motion.

**[\*2]**  Petitioner commenced this whistleblower proceeding pursuant to section 7623(b)(4).[1]  Respondent then moved to dismiss for lack of jurisdiction, and petitioner filed an opposition to respondent's motion.  A hearing was held on February 24, 2016.  For purposes of deciding respondent's motion, we consider the undisputed information in the pleadings, respondent's motion and the documents attached to the motion, and petitioner's opposition.

Background

Petitioner resided in Pennsylvania when he filed the petition.

Petitioner filed a Form 211, Application for Award for Original Information, dated July 28, 2009, with the Internal Revenue Service (IRS).  The Form 211 was sent for processing to the IRS Whistleblower Office in St. Cloud, Minnesota (Whistleblower Office).  Steven J. Mitzel, a management analyst with the Whistleblower Office, signed and dated the final determination letter in this case on May 6, 2015.  Mr. Mitzel's standard practice is to deliver final determination letters to the unposted mail at the collection bin at the group secretary's desk and then to record the action in the IRS e-trak Claim Action Listing, which Mr. Mizel did at 8:13 a.m. on May 6 with respect to the

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.  We round monetary amounts to the nearest dollar.

[*3] determination letter at issue here. The standard practice of the Whistleblower Office is that the secretary applies postage to all mail in the unposted mail bin and delivers the outgoing mail to a U.S. Postal Service mailbox at 3 p.m. every business day. USPS customarily collects the mail from the outgoing mail box at 3:15 p.m. each business day. The secretary was working on May 6, 2015. According to his declaration, at 10:26 a.m. on May 6, Mr. Mitzel called petitioner's attorney, Mr. Berk, and told him the final determination letter had been mailed. Mr. Mitzel's declaration states that he documented the phone call by making an e-trak entry; however, there is no e-trak entry referring to that call. Petitioner filed the petition in this case on June 8, 2015, 33 days after May 6.

## Discussion

The issue for decision is whether the petition filed on June 8, 2015, 33 days after respondent asserts that the final determination letter was mailed, was timely filed within 30 days of the mailing of the IRS' final determination letter. If the petition was timely filed, we have jurisdiction with respect to the final determination. If not, the case must be dismissed for lack of jurisdiction.

I. Introduction

The Tax Court may exercise jurisdiction only to the extent expressly provided by Congress. See sec. 7442; Breman v. Commissioner, 66 T.C. 61, 66

**[*4]** (1976); see, e.g., Rules 13, 340(b). Section 7623(b)(4) provides that this Court has jurisdiction with respect to matters addressed in any determination made in response to a whistleblower claim under section 7623(b). More specifically, section 7623(b)(4) provides that "[a]ny determination regarding an award under paragraph (1), (2), or (3) may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." Thus, this Court has jurisdiction under section 7623(b)(4) when (1) the IRS makes any determination regarding an award under paragraph (1), (2), or (3); and (2) a petition invoking our jurisdiction over that matter is timely filed. See Kasper v. Commissioner, 137 T.C. 37, 41 (2011).

II.     Analysis

To prevail, respondent must show through direct evidence that the Whistleblower Office mailed the final determination letter more than 30 days before petitioner filed the petition on June 8, 2015. See id. at 41-42. The Commissioner is generally entitled to a rebuttable presumption of delivery upon presentation of evidence of proper mailing. See id. at 44 (citing Hagner v. United States, 285 U.S. 427, 430 (1932), Godfrey v. United States, 997 F.2d 335, 338 (7th Cir. 1993), and Doolin v. United States, 918 F.2d 15 (2d Cir. 1990)). In Kasper we held that the 30-day period for timely filing a petition under section 7623(b)(4)

**[*5]** begins on the date of the mailing or personal delivery of the determination notice and that the Commissioner's submission of indirect evidence such as testimony of habit or standard business practice is insufficient to prove the date of mailing of a final determination letter in a whistleblower case. Id. at 44-45. In Kasper we said:

> We cannot find that compliance with standard * * * [operating procedures] within the Whistleblower Office, standing alone, permits a finding that the denial letters in question were mailed to petitioner[.] * * * [T]he Commissioner must prove by direct evidence the date and fact of mailing or personal delivery of the notice to the whistleblower. * * * [Id. at 45.]

Respondent relies on records that Mr. Mitzel created (e-trak entries and a declaration attached to the motion) which show that, assuming the Whistleblower Office's standard business practices were followed here, the final determination letter was mailed on May 6, 2015. Respondent has not produced a certified mailing receipt or any other direct evidence showing that the final determination letter was mailed on May 6, 2015 (or any other date). Thus, respondent relies on the standard operating procedures within the Whistleblower Office to establish the mailing date at issue here. We rejected that approach in Kasper v. Commissioner, 137 T.C. at 44-45.

**[*6]**  Respondent contends that the circumstances of the mailing of the final determination letter in this case are distinguishable from those in Kasper because, according to Mr. Mitzel's declaration, Mr. Mitzel's e-trak system entry shows that he called petitioner's counsel, Mr. Berk, to tell him that the final determination letter had been mailed.  Respondent contends that Mr. Mitzel's phone call to petitioner's counsel placed petitioner on actual notice that the final determination letter was mailed on May 6, 2015, giving him ample time to timely file his petition.  We disagree that a phone call establishes that the final determination letter was mailed on May 6.  First, the record is murky regarding the phone call; while the affidavit says precisely when the call occurred and that an e-trak record was created, the e-trak entries attached to the motion do not refer to such a call. Either way it does not matter because at best from respondent's standpoint, such a phone call would reflect Mr. Mitzel's belief that the final determination letter had been or would be mailed but is not direct evidence of mailing.  We are aware of no authority for the notion that the running of the 30-day period under section 7623(b)(4) commences because of a phone call, and respondent has presented no argument or rationale for such a holding here.  Cf. Lunsford v. Commissioner, 117 T.C. 159, 161 (2001) (interpreting collection due process statute and regulations

**[*7]** under section 6330(d)(1) to require a "determination" to be in the form of a written notice).

The exhibits attached to respondent's motion and the Mitzel declaration provide only evidence of the Whistleblower Office's standard business practices concerning the mailing of final determination letters.  This evidence does not satisfy the standard established by <u>Kasper</u>.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.