T.C. Memo. 2020-75

UNITED STATES TAX COURT

JAROSLAW JANUZ WASZCZUK, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23105-18W.                    Filed June 4, 2020.

Jaroslaw Januz Waszczuk, pro se.

Darrick D. Sun, for respondent.

MEMORANDUM OPINION

GOEKE, Judge:  Petitioner submitted two claim forms for a whistleblower

award to the Internal Revenue Service (IRS) Whistleblower Office (WBO).

Although he filed the second form as an update to the first form, the WBO did not

treat the forms in this manner and issued two letters to petitioner both rejecting his

whistleblower claim.  Petitioner timely filed the petition after receiving the second

[*2] letter.  Respondent filed a motion for partial summary judgment that the WBO did not abuse its discretion in rejecting the claim in the second rejection letter and a motion for leave to amend the answer to assert that petitioner did not timely file the petition to appeal the first rejection letter.  We hold the WBO did not abuse its discretion in rejecting petitioner's whistleblower claim and will grant summary judgment for respondent.  We will dismiss the motion for leave to amend the answer as moot.  We will enter decision for respondent.

## Background

Petitioner filed Form 211, Application for Award for Original Information, which the WBO received on March 23, 2016 (2016 Form), alleging that his former employer, a section 501(c)(3) exempt organization (2016 target), failed to report unrelated business income and to pay tax of $50 million over 10 years.[1]  He alleged that the 2016 target conspired with two State-chartered agencies (State agencies) and numerous State government officials in its income-producing activity.  He did not name the two State agencies as targets.  Upon receipt of the 2016 Form the WBO assigned a claim number for the 2016 target.  There were multiple written communications from the WBO to petitioner during the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] immediately succeeding months, mostly the WBO confirming receipt of petitioner's subsequent submissions. However, the WBO did not respond to a power of attorney form submitted by petitioner's newly engaged attorney in June 2016 or a followup inquiry resubmitting the form in August 2016.

On August 3, 2018, after nearly two years with no communication from the WBO, petitioner mailed to the WBO a second Form 211 (2018 Form) through the U.S. Postal Service (USPS) with signature confirmation service. Petitioner received confirmation from the USPS that the IRS office in Ogden, Utah, received the 2018 Form on August 6, 2018. The WBO initial claims evaluation (ICE) unit date-stamped it as received on August 10, 2018. In deciding whether to grant summary judgment in favor of respondent, we draw all reasonable inferences in petitioner's favor and treat the 2018 Form as received on August 6, 2018.

Petitioner clearly intended the 2018 Form to be an update of the 2016 Form rather than a new whistleblower claim. He checked the box on the 2018 Form marked supplemental submission and identified the 2016 Form as the one supplemented. He prepared the 2018 Form without his attorney's assistance. He identified three targets, the 2016 target and the two State agencies named on the 2016 Form. He alleged that the 2016 target failed to report the same unrelated business income as alleged on the 2016 Form, but "provide[d] exact figures" of

[*4] the level of its income-producing activity and the amount of the unreported income. He now alleged that the 2016 target had unreported income of $85 million over 10 years. He alleged that the two State agencies collaborated with the 2016 target in its income-producing activity, committed multiple violations of nontax Federal and State laws, and conspired to defraud State taxpayers and consumers of $40 billion. However, he did not allege that either agency had unreported income.

The WBO sent petitioner a letter titled "Final Decision Letter Under Section 7623(a)", dated August 7, 2018, stating that it considered the 2016 Form and rejected the whistleblower claim (2016 rejection letter) "because the information provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws." The 2016 rejection letter informed petitioner of his right to petition this Court within 30 days. Upon receipt of the rejection letter petitioner's attorney withdrew his representation, and petitioner did not file a petition within the 30-day filing period. The WBO's actions in its review and evaluation of the 2016 Form are not part of the administrative record before us.

The WBO mailed petitioner a letter dated August 24, 2018, stating it had received the 2018 Form and would evaluate the information provided to determine

[*5] whether an investigation was warranted and an award was appropriate. Despite the clear designation of the 2018 Form as a supplement to the 2016 Form, the WBO assigned three claimant numbers, one for each named target, including a new number for the 2016 target.

On September 14, 2018, the ICE unit forwarded the 2018 Form to the IRS' Tax Exempt and Government Entities (TEGE) Division for review. A TEGE classifier reviewed petitioner's whistleblower information, the three targets' tax records, IRS transcribed data, and tax and financial records of two of the targets. She received and reviewed additional information petitioner submitted including correspondence between petitioner and his attorney and a letter petitioner had sent to the IRS Criminal Investigation Division, dated September 12, 2018.

The TEGE classifier recommended rejection of petitioner's whistleblower claim as filed on the 2018 Form. She found that the targets "appeared to be filing and reporting unrelated business income appropriately", the periods of limitations for the years before 2016 were short or expired, and the IRS records "reflect[ed] amounts reported as unrelated business income tax". She concluded there was no specific or credible documentation to establish that the targets had unreported business income for 2016. The TEGE classifier prepared Form 11369, Confidential Evaluation Report on Claim for Award, recommending rejection of

[*6] petitioner's claim on the 2018 Form. On the Form 11369 the classifier noted that petitioner had previously filed a whistleblower claim against the 2016 target and the WBO had recommended "closure" of the claim on July 26, 2018. Form 11369 does not provide any other information about the 2016 Form or the 2016 rejection letter.

Form 11369 was submitted to the ICE unit. A tax examining technician in the ICE unit agreed with the TEGE classifier's recommendation and prepared an award recommendation memorandum recommending rejection of petitioner's claim as filed on the 2018 Form. The WBO sent petitioner a letter titled "Final Decision Letter Under Section 7623(a)" dated October 23, 2018 (2018 rejection letter), stating that it rejected the claim filed on the 2018 Form because the "information provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws." The IRS did not take any administrative actions on the basis of petitioner's whistleblower information and did not collect any proceeds.

On November 21, 2018, petitioner filed a pro se petition and attached the 2018 rejection letter. He resided in California at that time. In the petition he asserts that he filed a whistleblower claim (the 2016 Form) on March 23, 2016, and filed the 2018 Form as an update the 2016 Form. He identifies the claim

[*7] number assigned to the 2016 Form and asserts that the 2018 rejection letter does not correspond with the facts and law that he provided on the 2016 and 2018 Forms.

## Discussion

### I. Motion for Leave To Amend Answer

Respondent seeks to amend his answer to assert that the petition is not timely with respect to the 2016 rejection letter. Petitioner does not seek to appeal the 2016 rejection letter. Instead, he has clearly maintained in the pleadings and his other filings with this Court that he filed the 2018 Form as an update to the 2016 Form. He alleged the same tax violations and the same source of unreported income on both Forms. He represents to this Court that the 2018 Form provided more detailed information on the targets' alleged tax law violations and more accurate computations of the level of the 2016 target's income-producing activity and unreported income. He argues that the motion for leave to amend the answer is irrelevant on the basis of his prior pleadings, and we agree. Petitioner has not placed the 2016 rejection letter in issue and does not seek to invoke our jurisdiction over the 2016 rejection letter. Rather, he asks the Court to review the WBO's handling of both Forms on the basis of our jurisdiction over the 2018 rejection letter. He asserts that the WBO failed to evaluate the 2016 Form timely

**[\*8]** but does not otherwise challenge the WBO's rejection of the claim as filed on the 2016 Form. He admits that the 2018 Form updated the 2016 Form and provided more detailed information.

We are a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. Kasper v. Commissioner, 137 T.C. 37, 40 (2011); Judge v. Commissioner, 88 T.C. 1175, 1180-1181 (1987). In determining our jurisdiction this Court and the Courts of Appeals have given our jurisdictional provisions a broad, practical construction rather than a narrow, technical one. Lewy v. Commissioner, 68 T.C. 779, 781 (1977). It is appropriate to construe our whistleblower jurisdiction broadly. Our caselaw establishes that the WBO may issue multiple appealable determinations with respect to a single whistleblower claim that confer jurisdiction to this Court. Comparini v. Commissioner, 143 T.C. 274, 281-283 (2014).

Section 7623(b)(4) grants to the Court jurisdiction to review the WBO's award determinations: "Any determination regarding an award * * * may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." In Myers v. Commissioner, 928 F.3d 1025 (D.C. Cir. 2019), rev'g and remanding 148 T.C. 438 (2017), the

**[\*9]** Court of Appeals for the D.C. Circuit held that the 30-day filing period in section 7623(b)(4) is not jurisdictional and is subject to equitable tolling. Presumably, an appeal in this case would lie to the Court of Appeals for the D.C. Circuit. See sec. 7482(b)(1) (enumerating the bases to determine venue for appellate review of our decisions and stating that if no basis applies, appeal lies to the Court of Appeals for the D.C. Circuit). It is unnecessary to consider equitable tolling because petitioner has not invoked our jurisdiction to review the 2016 rejection letter. Accordingly, we will dismiss respondent's motion for leave to amend the answer as moot and assert our jurisdiction to review the WBO's determination set forth in the 2018 rejection letter.

II.    Summary Judgment

We will grant a motion for summary judgment where there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment we draw factual inferences in the light most favorable to the nonmoving party. Sundstrand Corp. v. Commissioner, 98 T.C. at 520. Respondent seeks summary judgment that the WBO did not abuse its discretion when it rejected petitioner's whistleblower claim.

**[*10]** Section 7623(b)(1) provides for mandatory whistleblower awards of a percentage of the proceeds collected where the IRS proceeds with an administrative or judicial action and collects proceeds from the target taxpayer as a result of the whistleblower information. We have jurisdiction to review the WBO's award determination. Id. para. (4). We review the WBO's award determination for an abuse of discretion. Kasper v. Commissioner, 150 T.C. 8, 22 (2018). Abuse of discretion occurs when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). In ascertaining whether the WBO abused its discretion, we generally limit our review to the administrative record. Kasper v. Commissioner, 150 T.C. at 20.

We have jurisdiction to review for abuse of discretion the WBO's determination to reject a claim on the basis of its failure to meet certain basic criteria without referring the claim to an IRS operating division for further review. Kansky v. Commissioner, T.C. Memo. 2020-43, at *6 (citing Lacey v. Commissioner, 153 T.C. __, __ (slip op. at 33-34) (Nov. 25, 2019)). The payment of any award requires that the IRS first proceed with an "administrative or judicial action" and then collect proceeds from the target taxpayer. See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014).

[*11] We do not have jurisdiction to review the IRS' decision not to proceed with an administrative action against a target or authority to direct the IRS to commence an administrative or judicial action. Cooper v. Commissioner, 136 T.C. 597, 600-601 (2011). If the IRS does not proceed with an administrative or judicial action, there can be no whistleblower award. Id. at 601. Nor can we order the IRS to explain its decision not to audit a target. Lacey v. Commissioner, 153 T.C. at __ (slip op. at 30).

The WBO has authority to perform an initial evaluation of a whistleblower claim to determine whether it meets minimum threshold criteria for an award and may summarily reject a claim if it does not. Cline v. Commissioner, T.C. Memo. 2020-35, at *12. However, the WBO did not summarily reject petitioner's claim filed on the 2018 Form. It forwarded the 2018 Form to the TEGE, an operating division, for further review. The WBO followed the operating division's recommendation to reject petitioner's claim "because the information provided was speculative and/or did not provide specific or credible information regarding tax underpayments or violations of internal revenue laws." The rejection letter invokes the minimum threshold criteria the WBO uses to evaluate a whistleblower claim. See sec. 301.7623-1(c)(1), (4), Proced. & Admin. Regs. (providing the WBO determines whether the claim provides specific and credible information or

[*12] speculative or substantive information, reports a violation of internal revenue laws and identifies the target taxpayer, and provides information that the whistleblower believes will lead to the collection of tax proceeds).

For her recommendation the TEGE classifier reviewed petitioner's whistleblower information and IRS internal records of the three targets. The administrative record shows that the classifier evaluated the whistleblower information and considered the allegations. She found that the targets were filing and reporting unrelated business income appropriately and the IRS records showed amounts reported as unrelated business income tax. She did not forward the 2018 Form for further investigation or recommend that the IRS audit the targets. She recommended rejection of the 2018 Form and submitted her recommendation to the WBO. The WBO followed the classifier's recommendation to reject the 2018 Form.

On the basis of this record, we find that the WBO did not abuse its discretion in rejecting petitioner's claim. The WBO followed the TEGE classifier's recommendation and did not forward the claim for further investigation. The WBO's grounds for rejection are supported by the TEGE classifier's findings and recommendation. The IRS did not initiate an administrative action against the targets and did not collect proceeds, the two

[*13] requirements for a whistleblower award. Accordingly, petitioner is not entitled to an award.

Petitioner argues that the WBO should have questioned representatives of the 2016 target and requested documents to verify that it paid tax on the profits from its unrelated income-producing activity. We do not have authority to order the IRS or the WBO to take such action. Petitioner presents lengthy arguments in his filings with the Court about the actions of the targets and their representatives as well as government officials that led to the alleged unreported income. We do not have authority to decide whether the IRS should have questioned the targets. Our role is to decide whether there is a sound basis in fact and law for the WBO's determination to reject a whistleblower claim or whether the WBO acted arbitrarily or capriciously. The WBO forwarded petitioner's whistleblower information to the correct operating division for review, and the operating division found there was not sufficient information to audit the targets' returns. Without an audit or the collection of proceeds from the target, petitioner cannot receive an award. The WBO's determination to reject petitioner's claim is supported by the record.

To the extent that the 2018 rejection letter is a rejection of both Forms, we find that the WBO did not abuse its discretion in determining that petitioner was

**[*14]** not entitled to a whistleblower award on the basis of the information provided with either Form. Petitioner asserts that the 2016 and 2018 Forms make the same allegations but the 2018 Form provided more specific information. The WBO's actions in evaluating the 2016 Form are not in the administrative record except that we know that the WBO rejected the 2016 Form because petitioner's whistleblower information was not specific and/or credible and was speculative and the IRS did not proceed with an administrative action or collect proceeds from the targets.

Significantly, petitioner does not argue that the 2016 Form met the threshold criteria for an award. He admits the 2016 Form contained less specific information than the 2018 Form.[2] Rather, he understandably complains about the delay in the WBO's processing of his 2016 form and the suspicious timing of the 2016 rejection letter; it is dated one day after the USPS' signature confirmation of receipt of the 2018 Form. He argues that the WBO was hiding his claim and the 2018 Form triggered the 2016 rejection letter.

Our review of the 2018 rejection letter decides whether the WBO abused its discretion by rejecting petitioner's whistleblower claim. It did not. The WBO

---

[2]This contrasts with Lacey v. Commissioner, 153 T.C. __, __ (slip op. at 34) (Nov. 25, 2019), where we assumed that the WBO did not evaluate the additional information in the whistleblower's second submission.

**[*15]** forwarded the 2018 Form, which contained more detailed information than the 2016 Form, to the TEGE operating division for review. The TEGE classifier reviewed the information and IRS records, found petitioner's information was not specific or credible and/or was speculative, and recommended rejection of petitioner's claim. The IRS did not proceed with an administrative action and did not collect proceeds.

The administrative record establishes that the WBO did not abuse its discretion when it rejected petitioner's whistleblower claim in the 2018 rejection letter as it relates to either the 2016 or 2018 Form. There is no dispute of any material fact, and respondent is entitled to summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.