T.C. Memo. 2020-132

UNITED STATES TAX COURT

CINDY DAMIANI, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14914-19W.            Filed September 17, 2020.

Cindy Damiani, pro se.

<u>Elizabeth C. Mourges</u>, <u>Bartholomew Cirenza</u>, and <u>Nancy M. Gilmore</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>: This whistleblower award case is before the Court on a motion for summary judgment filed by the Internal Revenue Service (IRS or respondent). Respondent contends that the IRS Whistleblower Office (Office) did not abuse its discretion in rejecting petitioner's claim on the ground that she did

**[*2]** not provide information regarding any Federal tax violation. We agree and accordingly will grant the motion.[1]

## Background

The following facts are derived from the parties' pleadings and motion papers, including a declaration and the attached exhibits. Petitioner, a foreign national residing in Germany, filed a Form 211, Application for Award for Original Information, that the Office received on May 20, 2019. In her claim she identified two targets: (1) a German insurance company and (2) the insurance company's managing director. She alleged that the targets had committed fiduciary fraud, bond fraud, securities fraud, and identity theft, asserting that they had forged her name on insurance contracts and repeatedly demanded payments for insurance premiums that allegedly "disappear[ed]." She made allegations of money laundering and tax fraud, asking whether "IRS Form 1099-OID * * * was required and has Form 1040 already been submitted?"

Petitioner supplied little information to support her claims. She provided: (1) a letter reiterating her allegations, (2) a Form 3949-A, Information Referral, and a Form 14039, Identity Theft Affidavit, and (3) several documents, written

---

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** entirely in German, that appear to be invoices. She made no discernible allegations regarding the U.S. tax liability of any person.

The Office assigned petitioner two claim numbers, one for each target. The Office referred the claims to Matthew Wiggins, a classifier in the IRS Small Business/Self-Employed Operating Division (SB/SE). A classifier is an employee of an operating division whose role is "to determine if the information on the Form 211 warrants further review." Internal Revenue Manual pt. 25.2.1.3.1(2) (May 28, 2020).

Mr. Wiggins investigated petitioner's allegations by researching the targets on various databases. Mr. Wiggins ascertained that "neither party is a USA person/entity." He concluded that, because the allegations pertained to "events between and among non-USA persons/entities," petitioner did not identify a Federal tax issue. He accordingly recommended that the Office reject petitioner's claims.

The Office agreed with Mr. Wiggins' recommendation and on June 14, 2019, issued a final determination letter rejecting petitioner's claims. The letter stated in pertinent part that "[t]he claim has been rejected because the information submitted did not identify an issue regarding tax underpayments or violations of internal revenue laws." The letter informed petitioner: "If you disagree with this

**[*4]** determination, you have 30 days from the date of this letter to file a petition with the Tax Court."[2]

Petitioner petitioned this Court for review of the Office's determination. Her petition was mailed from Germany, postmarked by Deutsche Post on July 31, 2019, and was received and filed by the Court on August 12, 2019. On June 10, 2020, respondent filed a motion for summary judgment under Rule 121. We ordered petitioner to respond to that motion by July 24, 2020. We advised her that if she "disagree[d] with the facts set out in the motion, * * * [she] should point out the specific facts in dispute and explain why these factual disputes are important." Petitioner did not respond to our order and has not otherwise responded to the motion for summary judgment.

## Discussion

A.    Jurisdiction

Section 7623(b)(4) provides that "[a]ny determination regarding an award * * * may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." The

_____

[2]Petitioner submitted additional (and substantially similar) Forms 211 that the Office appears to have processed on July 31 and August 3, 2019. As of the date of the petition the IRS does not appear to have issued a determination letter with respect to those claims.

**[*5]** Office issued its determination letter to petitioner on June 14, 2019. She mailed her petition on July 31, 2019, and the petition was filed by the Court on August 12, 2019. Both dates are more than 30 days from the date on which the Office issued the determination letter.

In numerous cases this Court had ruled that the 30-day filing period specified in section 7623(b)(4) is jurisdictional. See, e.g., Comparini v. Commissioner, 143 T.C. 274, 277 (2014) ("[T]his Court has jurisdiction under section 7623(b)(4) when * * * a petition * * * is timely filed."); Kasper v. Commissioner, 137 T.C. 37, 41 (2011) ("The jurisdiction of the Court is dependent upon a * * * finding that the appeal from the determination is timely."). However, we were reversed on that point by the U.S. Court of Appeals for the D.C. Circuit in Myers v. Commissioner, 928 F.3d 1025, 1036 (D.C. Cir. 2019), rev'g and remanding 148 T.C. 438 (2017). In Myers the D.C. Circuit held that section 7623(b)(4) sets forth a "non-jurisdictional claim-processing rule[]," the violation of which does not deprive a court of authority to hear the case. Id. at 1034 (quoting Gonzalez v. Thaler, 565 U.S. 134, 141 (2012)). The appellate court further held that the statute's 30-day filing period "is subject to equitable tolling." Id. at 1037. It accordingly reversed our order of dismissal and remanded to this Court "to consider in the first instance whether equitable tolling is appropriate." Ibid.

**[*6]**   The D.C. Circuit is the appellate venue for this case, as for whistleblower cases generally.  See sec. 7482(b)(1) (penultimate sentence).  We thus follow its precedent.  See Golsen v. Commissioner, 54 T.C. 742, 757 (1970), aff'd, 445 F.2d 985 (10th Cir. 1971).  Consistently with Myers, we hold that we have jurisdiction to consider this case.  And since neither party has questioned the filing of the petition after the 30-day period or addressed the subject of equitable tolling, we will proceed to consider respondent's motion for summary judgment.

B.   Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Under Rule 121(b) we may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).  However, this summary judgment standard "is not generally apt" when reviewing whistleblower award determinations because we "confine ourselves to the administrative record to decide whether there has been an abuse of discretion."  Van Bemmelen v. Commissioner, 155 T.C. __, __ (slip op. at 25) (Aug. 27, 2020).  In a "record rule" whistleblower case "summary judgment serves as a mechanism for deciding, as a matter of law, whether the * * *

**[*7]** [Office's] action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. at __ (slip op. at 26).

Because petitioner did not respond to the motion for summary judgment, we could enter decision against her for that reason alone. See Rule 121(d). We will nevertheless consider the motion on its merits.

C.     Analysis

We review the Secretary's determination as to whether a whistleblower is entitled to an award under section 7623(b)(1) by applying an abuse-of-discretion standard. Kasper v. Commissioner, 150 T.C. 8, 22 (2018). Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

In Lacey v. Commissioner, 153 T.C. 146, 166-169 (2019), we held that we have jurisdiction to review, for abuse of discretion, a determination by the Office to reject a whistleblower claim for failure to meet certain basic criteria. See sec. 301.7623-1(c), Proced. & Admin. Regs. (providing that claims may be rejected if they supply "speculative information or * * * do not provide specific and credible information regarding tax underpayments or violations of internal revenue laws").

[*8] When the Office rejects a claim, "the written notice [to the claimant] will state the basis for the rejection." Sec. 301.7623-3(b)(3), Proced. & Admin. Regs. In ascertaining whether the Secretary abused his discretion, we confine our review to the administrative record. Kasper, 150 T.C. at 20.

Section 7623(b)(1) provides for nondiscretionary (i.e., mandatory) awards of at least 15% and not more than 30% of the collected proceeds if all stated requirements are met. Before any award can be paid, section 7623(b)(1) requires that the IRS first proceed with an "administrative or judicial action" and then collect proceeds from the target taxpayer. See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Whistleblower 14106-10W v. Commissioner, 137 T.C. 183, 189 (2011). While we have jurisdiction to review the IRS' award determination, section 7623 gives us no authority to direct the IRS to commence an administrative or judicial action. Cooper v. Commissioner, 136 T.C. 597, 600-601 (2011). If the IRS proceeds with no administrative or judicial action, there can be no whistleblower award. Id. at 601.

The administrative record shows that the Office properly rejected petitioner's claims because she did not provide any credible information regarding a Federal tax violation. The Office based its decision on a recommendation from Mr. Wiggins, a classifier in SB/SE. He investigated petitioner's claims and ascer-

**[*9]** tained that all of the alleged participants were German persons or entities. The chief violations petitioner alleged--fiduciary fraud, bond fraud, securities fraud, and identity theft by a German insurance company and its managing director--had no nexus to the United States or to Federal tax law.

Petitioner's Form 211 mentioned "tax fraud" only in connection with her query whether the targets were required to file certain IRS forms. But she supplied no support for the notion that the German insurance company was required to file with the IRS Form 1099-OID, Original Issue Discount, or that the company's managing director, a German national, was required to file Form 1040, U.S. Individual Income Tax Return. See sec. 1.6049-5(b)(6), Income Tax Regs. (providing that amounts "paid and received outside the United States" are not reported on Form 1099-OID); sec. 1.6012-1(b)(1)(i), Income Tax Regs. (providing that a "nonresident alien individual" need not file Form 1040 unless he is "engaged in a trade or business in the United States").

On the basis of this record, we have no difficulty concluding that the Office did not abuse its discretion in rejecting petitioner's claims for failure to allege any Federal tax issue. We will therefore grant summary judgment to respondent.

**[\*10]**  To reflect the foregoing,

<u>An appropriate order and decision</u>

<u>will be entered for respondent</u>.