T.C. Memo. 2020-155

UNITED STATES TAX COURT

VAHIK AGHADJANIAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9339-18W.                    Filed November 16, 2020.

Vahik Aghadjanian, pro se.

Mark A. Nelson, for respondent.

MEMORANDUM OPINION

GREAVES, <u>Judge</u>:  This whistleblower award case is before the Court on a

Rule 121 motion for summary judgment filed by the Internal Revenue Service

(IRS or respondent).[1]  Respondent contends he is entitled to summary judgment

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue

(continued...)

[*2] because petitioner failed to timely file a petition with this Court, or in the alternative, because the IRS Whistleblower Office (WBO) did not abuse its discretion in denying petitioner's claim for an award.

Petitioner did not file his petition within the 30-day limitations period for appealing a WBO determination under section 7623(b)(4) and has neither pleaded nor suggested that he meets any exception to our applying that period on the basis of 30 calendar days. We therefore will grant respondent's motion on the basis of his primary argument and without reaching his alternative argument.

Background

The following undisputed facts are drawn from the parties' motion papers and the attached exhibits, as well as other documents filed by the parties in the instant case.

Petitioner submitted his claim to the WBO on Form 211, Application for Award for Original Information,[2] dated July 19, 2014. The WBO denied his claim in a letter sent by certified mail to his last known address on March 8, 2018. The

---

[1](...continued)
Code of 1986, as amended.

[2]Whistleblowers must file Form 211 to claim an award under sec. 7623. Sec. 301.7623-1(c)(2), Proced. & Admin. Regs.

**[\*3]** Court received the petition appealing the denial on May 14, 2018, in an envelope bearing a U.S. Postal Service postmark of April 30, 2018.

Respondent filed the pending motion on August 12, 2020, wherein he argues that petitioner did not file a petition within the limitations period set forth in section 7623(b)(4). Petitioner has not responded to the motion, despite the Court's order that he file any objection by September 3, 2020.

Discussion

I.      Summary Judgment Standard

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. See FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001). We may grant a motion for summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(b); Elec. Arts, Inc. & Subs. v. Commissioner, 118 T.C. 226, 238 (2002). Furthermore, we construe the facts and draw all inferences in the light most favorable to the nonmoving party to decide whether summary judgment is appropriate. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). However, the nonmoving party may not rest upon the mere allegations or denials in his pleadings but instead must set forth specific facts showing that there is a genuine

**[\*4]** dispute for trial. Rule 121(d); see also <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. at 520.

II.    <u>Analysis</u>

Section 7623(b)(4) permits this Court to review a WBO award determination if a petition is filed within 30 days of the determination.[3] The WBO mailed the denial letter to petitioner's last known address on March 8, 2018. The 30-day filing period expired on Saturday, April 7, which makes Monday, April 9, the last day to file. <u>See</u> sec. 7503; <u>Kasper v. Commissioner</u>, 137 T.C. 37, 45 (2011) (holding that the 30-day period of sec. 7623(b)(4) begins on the date that the determination is mailed or personally delivered to the whistleblower at his last known address). A taxpayer timely mails a petition to this Court when it is delivered to the U.S. Postal Service on or before the due date. Sec. 7502(a). In such a case the date of the U.S. Postal Service postmark stamped on the envelope is deemed the date of filing. <u>Id.</u>; sec. 301.7502-1(a), (c)(1)(iii)(A), Proced. & Admin. Regs. Here, the date postmark stamped on the envelope is April 30, 2018, which is three weeks after the deadline.

---

[3]Sec. 7623(b)(4) review applies to determinations under paragraph (1), (2), or (3) of sec. 7623(b). Although the denial letter says it "does not contain a determination regarding an award under section 7623(b)", that disclaimer does not deprive this Court of jurisdiction. <u>See</u> <u>Cooper v. Commissioner</u>, 135 T.C. 70, 75-76 (2010).

**[*5]** Petitioner has not responded to respondent's motion, which asserts that respondent is entitled to summary judgment because of the late filing, nor has he otherwise explained his failure to timely file.

## Conclusion

We conclude that petitioner did not appeal the WBO determination within the section 7623(b)(4) limitations period. Accordingly, we will grant respondent's motion for summary judgment on the grounds that the petition is untimely.

To reflect the foregoing,

An appropriate order will be entered.